# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD CLIFFORD SNEE, JR., ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> MICHAEL BARONE, Superintendent of ) <br> SCI-Forest, ) <br> Respondent. ) | Civil Action No. 09-147E <br> District Judge Terrence F. McVerry/ <br> Magistrate Judge Maureen P. Kelly |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the petition for writ of habeas corpus (the "Petition"), ostensibly filed pursuant to 28 U.S.C. § 2241, be treated as a Section 2254 petition and be dismissed and that a certificate of appealability be denied.

### II. REPORT

#### A. PROCEDURAL HISTORY

Ronald Clifford Snee, Jr. ("Petitioner")[1] is a state prisoner, who seeks to challenge several different convictions obtained in the Allegheny County Court of Common Pleas. The main conviction was obtained in Allegheny County at Common Pleas Court at Docket No. 2005-01051, where a jury convicted Petitioner of two counts of robbery, one count of burglary and one count of conspiracy. ECF No. 12 at 2 to 3. Petitioner was sentenced to a term of imprisonment of 5 to 10 years on Count 1 of the Robbery, and a term of 2 to 4 years on Count 3 of Burglary, concurrent to the 5 to 10 year sentence. Petitioner also challenges convictions at Docket Nos. 2004-10043 and 2004-15083. As to the conviction at Docket No. 2004-10043,

---

[1] As the Respondent points out, Petitioner has several different aliases including "Ronald Hughes" which is the name used in some of the state court documents. ECF No. 12 at 1, n.1.

Petitioner plead guilty to Driving Under the Influence ("DUI") and Driving While License Was Suspended and was sentenced to 10 days to 6 months for the DUI and was sentenced to 60 days for the Driving While License Was Suspended.  At Docket No. 2004-15083, Petitioner plead guilty to Driving While License was Suspended and was sentenced to serve 60 days.

Since the sentencing of Petitioner in November 2006, Petitioner has filed multiple Post Conviction Relief Act ("PCRA") petitions as well as various other Uniform Commercial Code ("UCC") filings in the state courts of Pennsylvania seeking to attack these convictions. Petitioner's use of UCC filings to attack his convictions is explained by the fact that Petitioner is apparently an adherent of the Redemptionist theory.  The United States Court of Appeals for Third Circuit explained the Redemptionist theory as follows:

> the "Redemptionist" theory . . . propounds that a person has a split personality: a real person and a fictional person called the "strawman." The "strawman" purportedly came into being when the United States went off the gold standard in 1993, and, instead, pledged the strawman of its citizens as collateral for the country's national debt. Redemptionists claim that government has power only over the strawman and not over the live person, who remains free. Individuals can free themselves by filing UCC financing statements, thereby acquiring an interest in their strawman. Thereafter, the real person can demand that government officials pay enormous sums of money to use the strawman's name or, in the case of prisoners, to keep him in custody. If government officials refuse, inmates are encouraged to file liens against correctional officers and other prison officials in order to extort their release from prison. Adherents of this scheme also advocate that inmates copyright their names to justify filing liens against officials using their names in public records such as indictments or court papers.

Monroe v. Beard, 536 F.3d 198, 203 n.4 (3d Cir. 2008).  Even if not an adherent of strict Redemptionist theory, Petitioner apparently does share some beliefs about the apparent efficacy of UCC law to free him from his present incarceration.

In this case, the Petition is not a model of clarity but it appears that he raises the following

2

issues for review:

(a) The Respondents has [sic] held Plaintiff [sic] in custody for an infamous crime without an [sic] presentment or indictment of a grand jury . . . and has subjected the Plaintiff to the same offense to be twice placed in jeopardy of life and limb. To bee [sic] compelled in a criminal matter to witness against himself, depriving Plaintiff of life, liberty, and/or property without the due process of law . . .
(b) The Respondents has [sic] restrained Plaintiff's Constitutional right of the 6th Amendment . . . by not allowing Plaintiff to enjoy the right to a speedy and public trial, by an impartial common law jury . . . that Respondents . . . [are] unlawfully restraining Plaintiff in custody in violation of an Order received by Respondents from the Common Pleas Clerk of Court certified by law to release/discharge the Plaintiff from incarceration [and Respondents have violated Petitioner's right] to be informed of the true nature and cause of the accusation; to be confronted by witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.
(c) The Respondents has [sic] violated Plaintiff's 8th Amendment right . . . subjecting Plaintiff to false imprisonment . . . because Plaintiff received a certified order from the Allegheny County Common Pleas Clerk of Court to release/discharge Plaintiff from incarceration [based upon Plaintiff's filing of UCC type affidavits in the Court of Common Pleas which the Respondents failed to controvert and which Plaintiff now maintains estops the Respondents from asserting herein that the Court of Common Pleas had jurisdiction over him and estops them from asserting that Plaintiff was validly convicted of his crimes]. . . .
(d) The Respondents in placing their restraint on Plaintiff, has enforced their secret laws known only to them for their denial of informing Plaintiff of the true nature and cause to unlawfully incarcerate Plaintiff . . . .

ECF No. 1 at 7 to 8.

The Pennsylvania Office of the Attorney General (the "Attorney General"), on behalf of the Pennsylvania Department of Corrections ("DOC"), filed an answer to the Petition. ECF No. 7. That answer addressed solely Petitioner's contention that DOC was holding Petitioner illegally because DOC had refused to obey the "order" of the Common Pleas Court Clerk to release Petitioner. The Attorney General explained in its answer that the so-called order was simply a fraud and no judge of the Court of Common Pleas issued such an order.

The District Attorney of Allegheny County also filed an answer to the Petition, ECF No.

12, explaining why Petitioner was not entitled to relief. Petitioner filed a Traverse. ECF No. 26. In addition, Petitioner filed an "Affidavit of the Issuance of Bonds," ECF No. 32. The legal significance of the Affidavit is not readily apparent but it seems to be another attempt by Petitioner to utilize commercial legal theories to negate his criminal convictions.

Petitioner also filed a Motion for Preliminary Injunction, ECF No. 13, that was denied, ECF No. 18, and that denial was affirmed on appeal by the United States Court of Appeals for the Third Circuit. ECF Nos. 29, 30.

This case was originally referred to another Magistrate Judge and was subsequently referred to the undersigned on June 21, 2011. ECF No. 34.

### B. DISCUSSION

#### 1. THE PENDING PETITION IS A SECTION 2254 PETITION, NOT A SECTION 2241 PETITION.

Petitioner insists that he has filed this Petition pursuant to 28 U.S.C. § 2241 and not pursuant to § 2254. However, because Petitioner is a convicted state prisoner attacking the validity of his convictions or sentences, he cannot show that his petition is properly brought under Section 2241, as is his burden. See Simon v. Nalley, No. 9:02-CV-1255, 2003 WL 22240588, at *3 (N.D.N.Y. Sept. 22, 2003) (it is a petitioner's burden to show that Section 2241 is jurisdictionally appropriate).

As observed by the United States Court of Appeals for the Third Circuit, Section 2241 confers jurisdiction on federal district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001). In

4

contrast, Section 2254 confers jurisdiction on federal district courts to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court ... on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Coady, 251 F.3d at 484. The United States Court of Appeals for the Third Circuit has determined, based on canons of statutory construction, that because Section 2254 is more specific and Section 2241 more general, a state prisoner must generally seek relief via a Section 2254 petition and not via a Section 2241 petition. Id. See also Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001) ("Not only is § 2254 an appropriate vehicle for Crouch's proposed claims, it is, as a practical matter, the only vehicle. This is because Crouch is a 'person in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), and can only obtain habeas relief through § 2254, no matter how his pleadings are styled.").

Apparently believing that a mere re-characterization of his petition as being a Section 2241 petition and not a Section 2254 petition permits him to circumvent Congressional intent governing habeas filings in federal courts, attacking state convictions, Petitioner seeks to invoke federal habeas jurisdiction pursuant to Section 2241, contrary to Coady. However, this course of action is foreclosed both by Coady and by Felker v. Turpin, 518 U.S. 651 (1996). See, e.g., Greenawalt v. Stewart, 105 F.3d 1287, 1287 (9th Cir. 1997) ("It is clear that Greenawalt is attempting to avoid the limitations imposed on second or successive petitions by styling his petition as one pursuant to § 2241. The United States Supreme Court has instructed us that the authority of the federal courts to grant habeas relief to state prisoners under § 2241 is limited by 28 U.S.C. § 2254. *Felker v. Turpin*, 518 U.S. 651 (1996)"); Byrd v. Gillis, No. CIV.A. 97-4697, 1997 WL 698157, at *1 (E.D.Pa. Nov. 5, 1997)("in *Felker v. Turpin*, 518 U.S. 651 (1996), the

5

Supreme Court held that it would apply the AEDPA's new requirements for second and successive petitions to original petitions filed under 28 U.S.C. § 2241, even though the AEDPA does not explicitly mention § 2241."). Accordingly, this petition will be treated as what it really is, a Section 2254 petition.

### 2. THE PETITION MUST BE DISMISSED AS AN ABUSE OF THE WRIT.

We take judicial notice of the fact that Petitioner previously filed a nearly identical habeas petition in Snee v. Barone, No. 08-1562 (W.D. Pa. filed 11/10/08) ("the 2008 Petition").[2] Compare ECF No. 1 at 7 to 8 with Snee v. Barone, No. 08-1562 (W.D. Pa. ECF No. 1 at 11 to 13).

We find that the present Petition constitutes an abuse of the writ and hence, the present Petition should be denied as such. See, e.g., Durr v. U.S., 156 F.3d 1229 (Table), 1998 WL 399621, at *1 (6th Cir. 1998) ("A petitioner abuses the writ by raising a claim in a subsequent petition that could have been raised in an earlier petition"); U.S. v. Keith, 992 F.2d 1220 (Table), 1993 WL 142086, at *1 (9th Cir. 1993) ("A district court may dismiss a habeas petition for an

---

[2] In disposing of the 2008 Petition, the Court found that the 2008 Petition raised a claim concerning the conditions of Petitioner's confinement, namely, his placement in the Restricted Housing Unit and thus, was not cognizable in habeas and so dismissed the 2008 Petition pre-service for raising a claim not cognizable in habeas. Snee v. Barone, No. 08-1562 (W.D. Pa. ECF No. 2 at 1 (Report and Recommendation), ECF No. 4 (adopting the Report)). In his Motion for Reconsideration, Snee v. Barone, No. 08-1562 (W.D. Pa. ECF No. 7, ¶7 at 2 to 3), Petitioner made clear that he was challenging his conviction. Not only that but it is clear that he was challenging his conviction on the very same grounds as he raises now in the Petition before the Court now. Id. ("That Plaintiff was and is currently a state prisoner being unlawfully incarcerated, due to a state, unlawful, fraudulent, void judgment entered by the Common Pleas Court of Allegheny County of Pennsylvania, being the only issue raised in Plaintiff's title 28 U.S.C. § 2241(c)(3) Heabeas [sic] Corpus Petition[.]").

abuse of the writ when a petitioner raises a claim in a subsequent petition that could have been raised in the first petition"); Jung v. U.S., 988 F.2d 120 (Table), 1993 WL 33857, at *1 (9th Cir. 1993) ("To prevent abuse of the writ, however, the federal court retains discretion to refuse to consider a claim presented in a section 2255 petition if the claim has been previously presented."). See also Whab v. United States, 408 F.3d 116, 119 n. 2 (2d Cir.2005) ("Traditional doctrines, such as abuse of the writ, continue to apply. While the standards for determining whether a petition 'abuses the writ' under the doctrine of *McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), have much in common with those for determining whether a petition is 'second or successive' under §§ 2244 and 2255, the two doctrines are not coterminous. The fact that a petition is not technically 'second or successive,' and subject to the gatekeeping requirements of §§ 2244 and 2255, does not necessarily mean that its filing might not be found abusive under the traditional equitable doctrine.").[3]

### 3. THE CLAIMS ARE PROCEDURALLY DEFAULTED.

In the alternative, we find that Petitioner has procedurally defaulted on all of his claims. The doctrine of procedural default essentially provides that if a federal habeas petitioner has either failed to present a federal claim in the state courts, including on appeal, or failed to comply with a state procedural rule and such failure to present or to comply would provide a basis for the

---

[3] Because the Court did not address the 2008 Petition on the merits, but instead found that petition to raise a claim not cognizable in habeas, we are hesitant to find that the present petition could qualify as a "second or successive" petition under Section 2254. Whab v. United States, 408 F.3d 116, 118 (2d Cir. 2005) ("for a subsequent petition to be considered 'second or successive,' bringing into play AEDPA's gatekeeping provisions, the disposition of an earlier petition must qualify as an adjudication on the merits."); Greene v. White, 223 F.3d 1001, 1002 n.1 (9th Cir. 2000)("The present petition is not a 'second or successive petition' because the earlier petition, filed in 1993, was not adjudicated on the merits.").

state courts to decline to address the federal claim on the merits, then such federal claims may not generally be addressed by the federal habeas court. See, e.g., Wainwright v. Sykes, 433 U.S. 72 (1977) (failure to object at trial constituted waiver of issue under state law and hence, a procedural default under federal habeas law); Francis v. Henderson, 425 U.S. 536 (1976) (failure to comply with state procedure requiring challenges to composition of grand jury be made before trial constituted state waiver and, therefore, also constituted procedural default for purposes of federal habeas); O'Sullivan v. Boerckel, 526 U.S. 838, 848-49 (1999) (failure to raise issue in discretionary appeal to state supreme court constituted a procedural default for habeas purposes). Because Petitioner failed to raise in the state appellate courts any of the issues which he now raises in the present Petition, we find that he procedurally defaulted his claims.

Prior to trial, and at trial or at the guilty plea proceedings, Petitioner was represented by Attorney David B. Cercone in the three criminal cases. After pleading guilty in his criminal cases at Docket Nos. 2004-10043 and 2004-15083 and being sentenced, Petitioner did not file a direct appeal from his convictions obtained at those two case numbers. However, he did file a direct appeal in the Criminal Case at Docket No. 2005-01051. On appeal, Petitioner was represented by new counsel in the Office of the Allegheny County Public Defender. But the sole issue that new counsel raised in the direct appeal was that the evidence was insufficient to support the conviction. ECF No. 12-3 at 1 (identifying the order appealed from) and at 7 (statement of question presented). None of the issues raised in the present Petition were raised in the direct appeal.

We find the issues Petitioner raises herein to be procedurally defaulted. It is true that in the state courts Petitioner filed many PCRA petitions and other filings and that in those many

8

petitions and other filings, Petitioner may have raised some of the same or similar issues therein as he now raises herein. However, we find those PCRA petitions and other filings were either procedurally improper under state law (e.g., UCC type filings in Petitioner's criminal case) or he failed to file appeals or take the proper procedural steps such that the Pennsylvania Appellate Courts could or would address the issues raised therein on the merits. For this reason, we find that Petitioner procedurally defaulted all of his claims raised herein. See, e.g., Sistrunk v. Vaughn, 96 F.3d 666, 671 n.4 (3d Cir. 1996) ("the rules [of Pennsylvania's appellate procedure] dictate that an issue raised at the trial level but not preserved on appeal will not be considered by any subsequent appellate court."); Godfrey v. Patrick, CIV.A. 05-1106, 2006 WL 3692598, at *11 (W.D.Pa., Dec. 12, 2006) ("Because this rule of waiver [for failing to raise an issue in the Superior Court] was consistently applied, at least since 1992 and thereafter up to the time Petitioner filed his appeal brief in the Superior Court, i.e., October 29, 2003, it constitutes an 'adequate' state procedural rule for purposes of procedural default.")(footnote omitted); Barrett v. Patrick, NO. CIV.A. 05-370J, 2006 WL 2077019, at *6 n.7 (W.D.Pa., July 24, 2006) ("Pennsylvania applies a rule of waiver in multiple contexts. An issue not raised at trial or on appeal is waived. Moreover, Pennsylvania's rule of waiver for failing to raise an issue on appeal is 'independent' of any federal law question.") (citations omitted); Abbott v. Gigliotti, No. 08-1310, 2010 WL 411830, at *3 (W.D.Pa. Jan. 28, 2010) (same). Hence, the claims must be dismissed as procedurally defaulted.

4. **THE ISSUES ARE MERITLESS**

In the alternative, we find the issues raised meritless. For the reasons given in the

Answers, ECF No. 12 at 19 to 23,[4] and ECF No. 7, we find the issues Petitioner raises to be meritless. Indeed, not only do we find Petitioner's claim that he has a valid order from the Court of Common Pleas of Allegheny County that requires his release to be meritless, we find such claim to be frivolous.

## 5. CERTIFICATE OF APPEALABILITY

A certificate of appealability should be denied because jurists of reason would not find it debatable that the instant case is not properly a Section 2241 petition but is, in reality, a Section 2254 motion that constitutes an abuse of the writ or, alternatively, is procedurally defaulted or, alternatively, is meritless.

## III. CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2

s/Maureen P. Kelly<br>
MAUREEN P. KELLY<br>
U.S. MAGISTRATE JUDGE

---

[4] We deem the issue denominated as Issue I by Respondent in its Answer, ECF No. 12 at 10, to be the equivalent of Petitioner's Issues (a) and (d) as quoted *supra*. We deem the issue denominated as Issue 2 by Respondent, ECF No. 12 at 10, to be the equivalent of Petitioner's Issue (b), and we deem Issue 3 as denominated by Respondent, ECF No. 12 at 10, to be the equivalent of Petitioner's Issue (c) as quoted *supra*.

Dated: March 3, 2012

cc: The Honorable Terrence F. McVerry
United States District Judge


RONALD CLIFFORD SNEE, JR
GW-4262
SCI FOREST
PO BOX 945
MARIENVILLE, PA 16239

All counsel of record via CM-ECF